UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RICHARD KING,

                Defendant.

No. 00-CR-1106 (KMK)

ORDER & OPINION

Appearances:

Qais Ghafary, Esq.
US Attorney's Office
Southern District of New York
White Plains, NY
*Counsel for United States of America*

Richard King
Watervliet, NY
*Pro Se Defendant*

KENNETH M. KARAS, United States District Judge:

    Before the Court is a Motion by Richard King ("Defendant") to seal his conviction in this matter from his criminal record. (*See* Letter Motion (Dkt. No. 86).) For the reasons explained herein, Defendant's Motion is denied.

I. Background

    On January 16, 2001, Defendant pled guilty to one count of distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(b)(1)(C). (*See* Gov't Opp. To Mot. ("Gov't Opp.") 1 (Dkt. No. 90).) Defendant was sentenced principally to fifty-one months' imprisonment. (*See id*.)

On or about October 22, 2021, Defendant filed a pro se letter motion to seal his conviction. (*See generally* Letter Motion.)[1] Defendant writes that he filed the Letter Motion because, in his words,

> I have always felt that my past has not defined me but has taught me valuable lessons. I look forward to the day that I no longer have to disclose these convictions and be judged for what I did as a young adult, not as the man I have become.

(*Id.* at 4.)[2]

## II. Discussion

### A. Legal Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "In general, federal district courts do not have subject matter jurisdiction over motions to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress." *United States v. Rodriguez*, No. 01-CR-497, 2020 WL 881991, at *2 (S.D.N.Y. Feb. 24, 2020) (quotation marks omitted) (quoting *United States v. King*, No. 14-CR-00357, 2017 WL 4326492, at *1 & n.1 (E.D.N.Y. Sept. 28, 2017)); *see also Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016) ("[W]e are not persuaded that the [d]istrict [c]ourt had subject

---

[1] Defendant's letter motion comes by way of a form document produced pursuant to § 160.59 of the New York State Criminal Procedural Law. "Section 160.59 of the Criminal Procedure Law, which took effect in October of 2017, provides a mechanism for defendants to move to seal up to two 'eligible offenses.'" *People v. Doe*, 86 N.Y.S.3d 853, 854 (N.Y. Sup. Ct. 2018) (quoting N.Y. C.P.L.R. § 160.59). Though this form is, as a matter of procedure, improperly filed in federal court, because Defendant filed this motion pro se, the Court will nonetheless consider it pursuant to its duty to "construe[] [pro se filings] liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

[2] For ease of reference, when citing to the Letter Motion, the Court refers to the ECF-stamped page numbers at the top right-hand corner of each page.

matter jurisdiction to decide [the petitioner's] motion [to expunge a criminal conviction] in this case. The relevant Rules of Criminal Procedure all provide for limited jurisdiction over specified types of post-judgment motions. . . . None of these rules remotely suggests, however, that district courts retain jurisdiction over <u>any</u> type of motion years after a criminal case has concluded." (citation omitted) (underline in original)). These "certain limited circumstances" include, inter alia, minors who commit comparatively minimal drug-related offenses. *Doe*, 833 F.3d at 199 (citing 18 U.S.C. §§ 3607(c), 5021(b)).

It is also the case, "[h]owever, [that] the doctrine of ancillary jurisdiction 'recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them.'" *United States v. Lazreg*, No. 09-CR-399, 2016 WL 4939310, at *1 (E.D.N.Y. Sept. 14, 2016) (quoting *Kokkonen*, 511 U.S. at 378). "The Supreme Court has 'limited ancillary jurisdiction of collateral proceedings to instances where it is necessary (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *United States v. Lysaght*, No. 97-CR-644, 2018 WL 5928461, at *1 (S.D.N.Y. Nov. 14, 2018) (quotation marks omitted) (quoting *Doe*, 833 F.3d at 195).

B. Analysis

"While the Court is not without sympathy for Defendant[]," *United States v. Ariyo*, No. 18-CR-725, 2021 WL 857308, at *1 (S.D.N.Y. Mar. 8, 2021), this Court has neither subject matter nor ancillary jurisdiction over Defendant's Letter Motion and therefore must dismiss it.

As stated above, Defendant was convicted under 21 U.S.C. § 841(a)(1), and he was above the age of twenty-one at the time of his conviction. (*See* Gov't Opp. 2.) "Accordingly,

3

[Defendant's] crimes of conviction do not fall into the narrow circumstances delineated by Congress for expungement." *Rodriguez*, 2020 WL 881991, at *2. Therefore, the Letter Motion is not within the Court's subject matter jurisdiction. *See, e.g.*, *Ariyo*, 2021 WL 857308, at *2 ("[T]he [c]ourt concludes that it is without jurisdiction to consider the [defendants'] motion [to expunge their conviction]"); *Lysaght*, 2018 WL 5928461, at *1 ("Th[e] [c]ourt does not have jurisdiction over [the defendant's] motion [to expunge his criminal conviction]"); *see also United States v. Adalikwu*, 757 F. App'x 909, 911 (11th Cir. 2018) (per curiam) ("Here, the district court did not err in determining that it lacked subject-matter jurisdiction [over a motion to expunge a criminal conviction]. . . . [The defendant] concedes that federal law does not offer a specific statute authorizing the general expungement of a criminal record."); *United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017) ("No statute vests the court with the general power to expunge the judicial record of a criminal case on purely equitable grounds."); *United States v. Mettetal*, 714 F. App'x 230, 233 (4th Cir. 2017) (unpublished opinion) ("Neither the Constitution nor any federal statute confers upon federal courts the power to expunge a criminal conviction . . . .").

    Nor is this matter within the Court's ancillary jurisdiction. First, "the facts underlying the [G]overnment's prosecution are not 'factually interdependent' with the current motion. Instead, Defendant['s] . . . reputational consequences arise from the earlier prosecution itself." *Ariyo*, 2021 WL 857308, at *2. Defendant's aforementioned concerns regarding how others define him, while valid, are "clearly independent" from the current motion. *Doe*, 833 F.3d at 198. Second, "'expunging a record of conviction on equitable grounds,' the Second Circuit [has] held, 'is entirely unnecessary to manage [a court's] proceedings, vindicate its authority, [or] effectuate its decrees.'" *United States v. Tisdale*, No. 15-CR-334, 2021 WL 3617182, at *2 (S.D.N.Y. Aug. 16, 2021) (second alteration in original) (quotation marks omitted) (quoting *Doe*, 833 F.3d at

4

198); *see also Ariyo*, 2021 WL 857308, at *2 ("This criminal case was resolved over a year ago, 'and there is nothing left to manage, vindicate or effectuate.'" (quoting *United States v. Lucido*, 612 F.3d 871, 875 (6th Cir. 2010))).  Therefore, the Court cannot assert ancillary jurisdiction over the Motion.

For this reason, "[f]ollowing *Doe*, courts have repeatedly held that they do not have subject matter jurisdiction or ancillary jurisdiction to seal or expunge a valid conviction record unless specifically authorized by Congress." *United States v. Bolera*, No. 00-CR-631, 2021 WL 5232452, at *2 (S.D.N.Y. Nov. 9, 2021) (collecting cases).  Unfortunately, Defendant does not—and cannot—identify any reason as to why his circumstances present a different factual premise or demand a different outcome.

Notwithstanding the Court's conclusion that it lacks jurisdiction to grant Defendant's Letter Motion, the Court wishes to make clear that it does *not* adjudicate the Motion on its merits.  Defendant's actions in the years since his conviction have "minimize[d] the risk of recidivism and put his life on a positive trajectory." *King*, 2017 WL 4326492, at *2.  For example, Mr. King informs the Court that he: "ha[s] not had police contact since the incident"; "completed all of [his] requirements, without any issues"; "ha[s] maintained long-term employment"; "got[ten] married, and welcomed twin girls in 2012." (Letter Motion at 4.)  Put plainly, taking these representations to be true (and the Government does not suggest otherwise), Mr. King's path since his conviction has been and remains "most commendable." *Bolera*, 2021 WL 5232452, at *2.

The Second Circuit opined in *Doe*, albeit in dicta, that because Congress has endowed district courts with the power to expunge or seal criminal records in other contexts, "[i]t might consider doing so again for certain offenders who . . . want and deserve to have their criminal

convictions expunged after a period of successful rehabilitation." *Doe*, 833 F.3d at 199. However, even assuming Mr. King could be such a candidate, until Congress acts, the Court lacks the authority to grant Defendant's Letter Motion.

### III.  Conclusion

For the foregoing reasons, Defendant's Motion is denied. The Clerk of the Court is respectfully directed to terminate the pending Motion, (Dkt. No. 86), and to mail a copy of this Order & Opinion to Defendant.

SO ORDERED.

DATED:    January 10, 2022
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge